■ MARJORIE CROMER, as Administratrix of the Estate of PHILIP CROMER, Deceased, Respondent, v. ANDREW GULL CORPORATION et al., Appellants.— Action for wrongful death and for conscious pain and suffering against Gull Contracting Co., Inc., the alleged owner of a crane, and Andrew Gull Corporation, which leased the crane from the owner. The crane which had been leased by Andrew Gull Corporation to intestate's employer, toppled over the side of a pier, while being operated by the intestate, and fell 20 feet to the deck of a barge tied up at the pier. The appeal is from a judgment entered on a jury verdict in favor of the administratrix. Judgment reversed and a new trial granted, with costs to abide the event. The findings of fact have not been considered. In our opinion, the testimony of respondent's expert failed to furnish a sufficient basis of fact upon which the jury could find that the crane was improperly mounted to the chassis in any particular defective manner, ascribable to the negligence of the appellants as a proximate cause of the intestate's death (cf. *Dougherty* v. *Milliken,* 163 N. Y. 527, 534; *People* v. *Samuels,* 302 N. Y. 163, 172; *Weibert* v. *Hanan,* 202 N. Y. 328). The jury's verdict may not be founded upon expert testimony based only on speculation and without a concrete basis of fact from which an inference of negligence may be drawn (*Sparkill Realty Corp.* v. *State of New York,* 268 N. Y. 192).— Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ., concur.

■ CONCETTA GATTUSO, Appellant, v. JOSEPH GATTUSO, Respondent.— In an action to annul a marriage, the appeal is from so much of a judgment, entered after trial, as dismissed the amended complaint upon the merits. Judgment insofar as appealed from unanimously affirmed, without costs. No opinion. Present — Beldock, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.